**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 3 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANK GALVAN, | No. 19-55531 |
| Plaintiff-Appellee, | D.C. No. 5:13-cv-01492-MWF-PJW |
| v. | |
| KENNETH E. DUFFIE, Dentist, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted March 2, 2020
Pasadena, California

Before: KLEINFELD and CALLAHAN, Circuit Judges, and CHRISTENSEN,**
District Judge.

Defendant-Appellant appeals from the district court's order denying him

qualified immunity in Plaintiff-Appellee's 42 U.S.C. § 1983 action. We have

jurisdiction over this interlocutory appeal. *Knox v. Sw. Airlines*, 124 F.3d 1103,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Dana L. Christensen, United States Chief District Judge for the District of Montana, sitting by designation.

1106 (9th Cir. 1997). Reviewing de novo, *Robinson v. Prunty*, 249 F.3d 862, 865–66 (9th Cir. 2001), we affirm on the same basis as the district court.[1]

The district court did not err in denying qualified immunity where Defendant-Appellant removed Plaintiff-Appellee's wisdom tooth over his objection. Existing precedent at the time of the procedure placed the constitutional question beyond debate. *See White v. Pauly*, 137 S. Ct. 548, 551 (2017). "[A] competent person has a constitutionally protected liberty interest in refusing unwanted medical treatment." *Cruzan v. Dir., Mo. Dept. of Health*, 497 U.S. 261, 277–78 (1990). Furthermore, and specific to the prison context, a Fourteenth Amendment violation arises where "prison medical personnel perform[] major medical procedures upon the body of any inmate, without his consent and over his known objections, that were not required to preserve his life or further a compelling interest of imprisonment or prison security." *Runnels v. Rosendale*, 499 F.2d 733, 735 (9th Cir. 1974).

Defendant-Appellant argues that, in defining the right at issue, the district court failed to account for all the various facts and circumstances, including the

---

[1] Plaintiff-Appellee argues for the first time on appeal that the panel could affirm, alternatively, by finding that a state actor in Defendant-Appellant's position is categorically ineligible for qualified immunity. The panel declines to entertain an argument not presented to the district court in the first instance. Accordingly, Defendant-Appellant's motion to supplement the record with material that purportedly undercuts this new argument is DENIED.

19-55531

designated tooth number, involved in the dental extraction. The panel disagrees. Under the "clearly established" prong of qualified immunity analysis, a "right's contours [are] sufficiently definite [if] any reasonable official in the defendant's shoes would have understood he was violating it." *Plumhoff v. Rickard*, 572 U.S. 765, 778–79 (2014).

Here, the contours of the right, as defined by the district court, are sufficiently definite. Any reasonable official in Defendant-Appellant's shoes would have understood he was violating Plaintiff-Appellee's Fourteenth Amendment right by performing the tooth extraction—an unconsented medical procedure not required to preserve life or advance penological interests. Therefore, Defendant-Appellant had "fair notice that [his] conduct was unlawful," based on the clearly established law. *See Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018).

**AFFIRMED.**